# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| SAMUEL K. WILDER, | ) |
| *Petitioner*, | ) Case Nos. 1:16-cv-119; 1:02-cr-85 |
| v. | ) Judge Travis R. McDonough |
| UNITED STATES OF AMERICA, | ) Magistrate Judge Susan K. Lee |
| *Respondent*. | ) |

# MEMORANDUM OPINION

Before the Court is Petitioner Samuel K. Wilder's first motion to vacate, set aside, or correct sentence pursuant to Title 28, United States Code, Section 2255 (Doc. 105). Petitioner challenges his classification as an armed career criminal under the Armed Career Criminal Act ("ACCA") in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Also before the Court are: Petitioner's motion to supplement his § 2255 motion (Doc. 108); motion for extension of time to file a reply to the government's response in opposition (Doc. 111); and "motion to amend" his § 2255 motion (Doc. 113). The Court construes Petitioner's "motion to amend" as a motion to additionally supplement his § 2255 petition. The Court will permit these supplemental pleadings pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. These additional motions (Docs. 108, 111, 113) are **GRANTED**, and the supplemental pleadings will be considered in the analysis that follows. For the following reasons, Petitioner's § 2255 motion (Doc. 105) will be **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**.

I. **PROCEDURAL BACKGROUND**

On April 3, 2003, Petitioner pleaded guilty to being a felon in possession of a firearm in

violation of 18 U.S.C. § 922(g); armed carjacking in violation of 18 U.S.C. § 2119; and brandishing a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. 33; Doc. 55, at 3.) A presentence investigation report designated him an armed career criminal and indicated a guideline range of 294 to 346 months' imprisonment. (Doc. 55, at 4.) Petitioner was sentenced to a total term of imprisonment of 346 months to be followed by five years of supervised release. (Doc. 65, at 3–4.) The United States Court of Appeals for the Sixth Circuit affirmed the district court's calculation of Defendant's offense level. (Doc. 71, at 13.) The Sixth Circuit remanded for resentencing only in light of the United States Supreme Court's holding in *United States v. Booker*, 543 U.S. 220, 245 (2005), that the U.S. Sentencing Commission's guidelines are not mandatory. (Doc. 71, at 15.) On appeal the second time, the Sixth Circuit affirmed his resentencing. (Doc. 96, at 4.) Petitioner filed his petition (Doc. 105) on January 29, 2016, and it is now ripe for the Court's review.

## II.    STANDARD OF LAW

To obtain relief under Title 28, United States Code, Section 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). The petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Section 2255(f) places a one-year period of limitation on all petitions for collateral relief

2

under § 2255 which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In ruling on a motion made pursuant to Title 28, United States Code, Section 2255, the Court must determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Id*. (internal quotations omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

**III. ANALYSIS**

In his § 2255 petition, Petitioner challenges his classification as an armed career criminal pursuant to *Johnson*, in which the Supreme Court determined that the residual clause of the ACCA, 18 U.S.C. § 924(e), is unconstitutionally vague in violation of the Due Process Clause. 135 S. Ct. at 2563. As a threshold matter, the Court determines that Petitioner's motion is timely under § 2255(f)(3), which triggers a one-year period limitation period which runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3); *see also Dodd v. United States*, 545 U.S. 353, 357 (2005). It is well-settled that *Johnson* recognized a new substantive constitutional rule that is retroactively applicable within the meaning of § 2255(f)(3). *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016); *see also In Re Watkins*, 810 F.3d 375, 381–85 (6th Cir. 2015). The one-year limitation period triggered by *Johnson* thus began on June 26, 2015, and ran until June 26, 2016. Petitioner's § 2255 motion, filed on January 29, 2016, is therefore timely.

The ACCA requires a fifteen-year minimum sentence for a felon who unlawfully possesses a firearm after three prior convictions "for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). A "violent felony" is "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). These clauses will be referred to, respectively, as the "use-of-physical-force clause," the "enumerated-offense clause," and the "residual clause."

4

It is only the third clause, the residual clause, that *Johnson* declared constitutionally invalid. "[U]nder *Johnson*, an ACCA sentence only raises due process concerns—and is thus invalid—if it was necessarily based on predicate violent felonies that only qualified as such under the ACCA's residual clause." *Watkins v. United States*, No. 1:03-CR-230, 2015 WL 9587712, at *2 (E.D. Tenn. Dec. 30, 2015); *see also United States v. Priddy*, 808 F.3d 676, 683 (6th Cir. 2015) ("[A] defendant can still receive an ACCA-enhanced sentence based on the statute's use-of-force clause or enumerated-offense clause.").

Petitioner first asserts that he is entitled to relief because the following four prior convictions that were predicates for ACCA-enhancement at his sentencing no longer qualify: (1) his conviction for first-degree wanton endangerment, in violation of Kentucky Revised Statutes § 508.060; (2) his conviction for aggravated robbery, in violation of Tennessee Code § 39-13-401; and (3) his two convictions for first-degree robbery, in violation of Kentucky Revised Statutes § 515.020. (Doc. 105, at 3–5.) Second, Petitioner argues that his conviction and sentence under § 924(c) are invalid after *Johnson* because the crime of carjacking, upon which that conviction was based, "does not satisfy the requirements of either of the 'crime of violence' definitions in 18 U.S.C. § 924." (*Id.* at 6.)

The government concedes that, after *Johnson*, Petitioner's Kentucky conviction for wanton endangerment in the first degree no longer qualifies as a predicate offense but states that "Petitioner's sentence does not raise any such concerns, because he was classified as an armed career criminal based on four prior convictions, three of which still qualify as predicates post-*Johnson*." (Doc. 110, at 4.) Petitioner's Tennessee conviction for aggravated robbery still qualifies as a predicate offense because the use of physical force is one of its elements. *United States v. Bailey*, 634 F. App'x 473, 476–77 (6th Cir. 2015) (*per curiam*) (reasoning that

Tennessee aggravated robbery is also a violent felony under the use-of-physical force clause). Petitioner's two Kentucky convictions for first-degree robbery also still qualify as ACCA predicates under the use-of-physical-force clause. *United States v. Page*, 662 F. App'x 337, 340–41 (6th Cir. 2016); *United States v. Elliott*, 757 F.3d 492, 496 (6th Cir. 2014); *United States v. Ingram*, 276 F. Supp. 3d 717, 721 (E.D. Ky. 2017) ("Kentucky first-degree robbery is categorically a violent felony."). Because Petitioner had at least three prior convictions at the time of his sentencing that still qualify as predicates, Petitioner's classification as an armed career criminal is still valid. Petitioner's first basis for relief, therefore, fails.

Second, Petitioner argues that his conviction and sentence under § 924(c) are constitutionally invalid after *Johnson* because the crime of carjacking, upon which that conviction was predicated, "does not satisfy the requirements of either of the 'crime of violence' definitions in 18 U.S.C. § 924. (*Id.* at 6.) But, as the Sixth Circuit has declared, the "argument that *Johnson* effectively invalidated § 924(c)(3)(B) is . . . without merit . . . ." *United States v. Taylor*, 814 F.3d 340, 376–77 (6th Cir. 2016). In *Taylor*, the Sixth Circuit noted at least four "significant differences" between § 924(c)(3)(B) and § 924(e)(2)(B)(3):

> First, the statutory language of § 924(c)(3)(B) is distinctly narrower, especially in that it deals with physical force rather than physical injury. Second, the ACCA residual clause is linked to a confusing set of examples that plagued the Supreme Court in coming up with a coherent way to apply the clause, whereas there is no such weakness in § 924(c)(3)(B). Third, the Supreme Court reached its void-for-vagueness conclusion only after struggling mightily for nine years to come up with a coherent interpretation of the clause, whereas no such history has occurred with respect to § 924(c)(3)(B). Finally, the Supreme Court was clear in limiting its holding to the particular set of circumstances applying to the ACCA residual clause, and only some of those circumstances apply to § 924(c)(3)(B).

*Id.* Furthermore, the holding in *Taylor* is consistent with other Sixth Circuit precedent. *Id.* at 378–79 (collecting cases). Accordingly, Petitioner's second argument also fails to provide a basis for § 2255 relief.

### III. CONCLUSION

The record before the Court conclusively shows that Petitioner is not entitled to relief. Accordingly, the Court need not conduct an evidentiary hearing. For the reasons set forth herein, Petitioner's § 2255 motion (Doc. 105) is **DENIED** and this action will be **DISMISSED WITH PREJUDICE**.

Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**